UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.**:**

JESUS GONZALEZ

    Plaintiff,
vs.

HOME DEPOT U.S.A. INC.
d/b/a Home Depot USA 6856, and
KIMZAY OF FLORIDA, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Home Depot U.S.A. Inc. doing business as Home Depot USA 6856 and Defendant Kimzay of Florida, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Home Depot U.S.A., Inc. (also referenced as "Defendant Home Depot," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation registered in Florida, and is a subsidiary of The Home Depot, Inc. which is a NYSE publicly traded corporation on the S&P 100 and 500 which has retail operations throughout the United States, Canada and Mexico.

6.     Defendant Kimzay of Florida, Inc. (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is the owner of real property identified as Folio 01-4116-048-0010 which is a commercial strip mall which has been sub-divided for individual tenants.

## FACTS

7.     A portion of the commercial space encompassing within Defendant Landlord's strip mall is identified as 2999 SW 32 Avenue, Miami, Florida 33133. At all times material hereto, this portion of the strip mall has been leased to co-Defendant Home Depot (the lessee). The lessee in turn has operated its Home Depot store 6856 within that leased space.

8.     The parent company to Defendant Home Depot (The Home Depot, Inc.) is the largest home improvement retailer in the United States. In 2019, it reported revenue in

excess of $110 billion USD and assets of over $51 billion USD. The Home Depot sells lumber, paint, plumbing supplies, lighting, kitchen appliances, carpeting, storm windows, and about anything else you can imagine for home improvement projects. In addition, many Home Depot locations contain a nursery which sells house plants and outdoor landscaping greenery. Accordingly, Home Depot 6856 is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since it is a hardware store and an "other" sales establishment. Home Depot 6856 is also referenced as a "hardware store" or "place of public accommodation."

9. At all times material hereto, Defendant Home Depot was (and is) a company owning and operating hardware stores under the "Home Depot" brand which are open to the public. Each of the Defendant's hardware stores (including Home Depot 6856 located at 2999 SW 32 Avenue) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of hardware stores which are open to the public, Defendant Home Depot is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a hardware store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity to Plaintiff's home to the 2999 SW 32 Avenue Home Depot 6856 location, on March 14, 2021 Plaintiff went to Home Depot 6856 with the intent of purchasing items for his home.

12. While Plaintiff was shopping in Home Depot 6856, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that

he perambulates with the assistance of a wheelchair.

13. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of that hardware store (Defendant Home Depot) and by the owner/lessor of the commercial property which houses the hardware store (Defendant Landlord).

14. On information and belief, Defendant Home Depot is well aware of the ADA and the need to provide for equal access in all areas of its hardware stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Home Depot 6856 hardware store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a hardware store open to the public, Defendant Kimzay of Florida, Inc. is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant Kimzay of Florida, Inc. is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Home Depot 6856 located at 2999 SW 32 Avenue which is near his home and convenient to him, but continues to be

injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Home Depot 6856, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom at the hardware store. Therefore, Plaintiff has suffered an injury in

5

fact.

23. Defendant Home Depot (lessee/operator of Home Depot 6856) and Defendant Landlord (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the hardware store, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Home Depot 6856 hardware store.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Landlord (owner/lessor) which houses Home Depot 6856 is operated by Defendant Home Depot (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA

6

and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

      i.      As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory outside the stall without assistance, as the lavatory does not have sufficient knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This is a violation of Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards of Accessible Design.

      ii.      As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (outside the stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

      iii.      As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall without assistance, as the required maneuvering clearance was not provided since the stall partition does not provide the required maneuvering clearance on the "pull" side of the door. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards of Accessible Design

      iv.      As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the accessible stall door, as it is missing pull handles, in violation of Sections 4.27.4

of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

      v.    As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory inside the accessible stall without assistance, as knee clearance was not provided above the finished floor to the bottom leading edge of fixture at 8" horizontal projection. This is a violation of Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards of Accessible Design.

      vi.    As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (inside the accessible stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

      vii.    As to Defendant Home Depot (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not use the Coat hook without assistance, as it is not mounted at the required location in violation of Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards of Accessible Design.

    28.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Home Depot 6856 hardware store commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally

failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the hardware store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Kimzay of Florida, Inc. (owner and lessor of the commercial property) and Defendant Home Depot U.S.A., Inc. (lessee and operator of Home Depot 6856 hardware store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Home Depot 6856 such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 12th day of April 2021.

                              Respectfully submitted,

                              */s/ J. Courtney Cunningham*
                              J. Courtney Cunningham, Esq.
                              J. COURTNEY CUNNINGHAM, PLLC
                              FBN: 628166
                              8950 SW 74th Court, Suite 2201
                              Miami, Florida 33156

Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*